[Cite as *State v. Cook*, 2010-Ohio-4814.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  14-10-05

    v.

PHILLIP COOK,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2009-CR-0200

Judgment Affirmed

Date of Decision:   October 4, 2010

APPEARANCES:

    *Alison Boggs*  for Appellant

    *Terry L. Hord*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Phillip Cook, appeals the judgment of the Court of Common Pleas of Union County convicting him of six counts of trafficking in heroin and one count of engaging in a pattern of corrupt activity, and sentencing him to an aggregate sixteen-year and three-month prison term. On appeal, Cook argues that the trial court erred when it failed to conduct a hearing on his request to remove his court-appointed counsel; that he received prejudicially ineffective assistance of counsel in violation of his constitutional rights; and, that the trial court erred when it imposed consecutive sentences. Based upon the following, we affirm the judgment of the trial court.

{¶2} In October 2009, the Union County Grand Jury indicted Cook on Count One, trafficking in heroin in the vicinity of a school in violation of R.C. 2925.03(A)(1),(C)(6)(b), a felony of the fourth degree; Count Two, possession of heroin in violation of R.C. 2925.11(A),(C)(6)(a), a felony of the fifth degree; Count Three, trafficking in heroin in the vicinity of a school in violation of R.C. 2925.03(A)(1),(C)(6)(b), a felony of the fourth degree; Count Four, possession of heroin in violation of R.C. 2925.11(A),(C)(6)(a), a felony of the fifth degree; Count Five, trafficking in heroin in the vicinity of a school in violation of R.C. 2925.03(A)(1),(C)(6)(b), a felony of the fourth degree; Count Six, possession of heroin in violation of R.C. 2925.11(A),(C)(6)(a), a felony of the fifth degree;

Count Seven, trafficking in heroin in the vicinity of a school in violation of R.C. 2925.03(A)(1),(C)(6)(b), a felony of the fourth degree; Count Eight, trafficking in heroin in the vicinity of a school in violation of R.C. 2925.03(A)(1),(C)(6)(c), a felony of the third degree; Count Nine, possession of heroin in violation of R.C. 2925.11(A),(C)(6)(b), a felony of the fourth degree; Count Ten, trafficking in heroin in violation of R.C. 2925.03(A)(1),(C)(6)(b), a felony of the fourth degree; Count Eleven, possession of heroin committed within the vicinity of a school in violation of R.C. 2925.11(A),(C)(6)(a), a felony of the fifth degree; and, Count Twelve, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1),(B)(1), a felony of the first degree.

{¶3} In November 2009, Cook entered a plea of not guilty to all counts in the indictment. Additionally, the trial court appointed Cook counsel.

{¶4} In December 2009, Cook filed a letter with the trial court requesting representation from the Ohio Public Defender's Office. In the letter, Cook contended that he believed his current court-appointed attorney was neglecting his case because he had cancelled scheduled appointments and failed to return his phone calls. Additionally, Cook stated that he felt intimidated because his attorney and an assistant county prosecutor shared office space; that some of his family members had been prosecuted by that assistant county prosecutor; and, that, consequently, he felt he would not receive a fair trial. Thereafter, Cook

withdrew his pleas of not guilty and, pursuant to a plea agreement, entered a plea of guilty to Counts One, Three, Five, Seven, Eight, Ten, and Twelve. The trial court dismissed Counts Two, Four, Six, Nine, and Eleven at the behest of the State. At the change of plea hearing, the following dialogue took place, in pertinent part:

> **[TRIAL COURT]: * * * Mr. Cook, have you discussed the matter of your plea and the present charges fully and completely with your attorney Mr. Valentine?**
> **[COOK]: Yes, sir.**
> **[TRIAL COURT]: Are you now satisfied with the service and advice of your attorney up to the present time?**
> **[COOK]: Yes, sir.**
> **[TRIAL COURT]: You understand that no one can compel you to plead guilty?**
> **[COOK]: Yes, sir.**
> **[TRIAL COURT]: Are you changing this plea freely and voluntarily?**
> **[COOK]: Yes, sir.**

(Dec. 2009 Hearing Tr., pp. 17-18).

{¶5} In February 2010, Cook's trial counsel filed a sentencing memorandum averring that Cook had been addicted to heroin and that, but for his addiction, it was unlikely he would have engaged in the activity giving rise to his indictment. Trial counsel further requested an aggregate sentence not exceeding four years and eleven months so that Cook would be eligible for judicial release. To the memorandum, trial counsel attached twenty-three letters from Cook's friends and family attesting to his character and asking for counseling and

treatment in lieu of incarceration. Additionally, the trial court held a sentencing hearing at which the following testimony was heard.

{¶6} Detective Don McGlenn of the Marysville Police Department testified that Cook had juvenile delinquency problems that continued into his adult life; that Cook was "very well known" at the police department (hearing tr., p. 8); that, in relation to other drug dealers in the community, he "would have to put Mr. Cook right at the top for the simple reason of [sic] Mr. Cook is very mobile" (id. at 9); that he believed Cook had been selling heroin for a longer period of time than the period during which the confidential informants purchased from him; and, that he believed many underage or high school-aged persons purchased heroin from Cook based on his surveillance of hotels Cook frequented. On cross-examination, Detective McGlenn admitted that he did not have first-hand knowledge that Cook supplied heroin to any middle-school aged person, and that the youngest individuals he had direct knowledge that Cook sold heroin to were eighteen or nineteen years of age.

{¶7} Agent Scott Sunquest of the United States Drug Enforcement Administration testified that he worked with the Marysville Police Department on an ongoing heroin investigation; that he learned of Cook during the course of the investigation; that he had observed Cook sell heroin to a purchaser in the Columbus area; that Cook returned to Marysville and he and the narcotics team

followed the purchaser and recovered sixty-five unit doses of heroin from that individual; that Columbus was the main distribution point for heroin in Ohio. On cross-examination, Agent Sunquest stated that nothing was recovered from Cook upon a stop of his vehicle following the transaction.

{¶8} Detective Tony Brooks of the Marysville Police Department testified that he participated in the drug interdiction program with Detective McGlenn; that he used three confidential informants who conducted six transactions with Cook; that he consequently considered Cook to be a heroin dealer; that he believed Cook was the number one heroin trafficker in the Marysville area; that he learned from a confidential informant that, during one traffic stop, Cook wadded up a napkin containing heroin and threw it on the ground and later retrieved it, and that, during another traffic stop, a female passenger put the heroin inside her vagina; that he monitored Cook for approximately two months and observed approximately six or seven transactions during that time frame; and, that his investigation revealed that Cook used Columbus as a conduit to bring heroin into the Marysville area. On cross-examination, Detective Brooks testified that he based his ranking of Cook as the "number one" heroin trafficker based on the amounts of transactions he observed and based on information he received from the community.

{¶9} In March 2010, the trial court sentenced Cook to a fifteen-month prison term on each of Counts One, Three, Five, Seven, and Ten; to a four-year

prison term on Count Eight; and, to a six-year prison term on Count Twelve. The trial court ordered all terms to be served consecutively for an aggregate sixteen-year and three-month prison term, and also ordered Cook to pay a $6,000 fine. In the judgment entry, the trial court specifically stated that it had "considered the presentence investigation, information presented at the hearing and the record; and the Court further having considered the factors pertaining to the seriousness of the offense and pertaining to recidivism, and further having considered the factors contained in R.C. 2929.13(B), the Court finds the offender is not amendable to community control, and that prison is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11." (Mar. 2010 Judgment Entry, p. 2).

{¶10} It is from this judgment that Cook appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING TO INQUIRE INTO THE DEFENDANT-APPELLANT'S REASONS FOR WANTING TO REMOVE HIS COURT-APPOINTED COUNSEL, THEREBY VIOLATING DEFENDANT'S CONSTITUTIONAL RIGHT TO COUNSEL.**

### Assignment of Error No. II

**DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES.**

*Assignment of Error No. I*

{¶11} In his first assignment of error, Cook argues that the trial court erred when it failed to conduct a hearing on his request to remove his court-appointed counsel. Specifically, Cook contends that he demonstrated a conflict with counsel by sending a letter to the court expressing that he did not have enough contact with his attorney to adequately prepare for his case and by raising a concern about his attorney's office-sharing relationship with a Union County assistant prosecutor.

{¶12} The Supreme Court of Ohio has held that "'[a]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel.'" *State v. Cowans* (1999), 87 Ohio St.3d 68, 72, quoting *United States v. Iles* (C.A.6, 1990), 906 F.2d 1122, 1130. "The trial court may deny the request to substitute counsel if the complaint is unreasonable." *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶148, citing *State v. Deal* (1969), 17 Ohio St.2d 17, syllabus. In order to discharge a court-appointed attorney, the Supreme Court has further held that the defendant must show "'a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.'" *State v. Coleman* (1988), 37 Ohio St.3d 286, 292, quoting *People v.*

*Robles* (1970), 2 Cal.3d 205, 215, 466 P.2d 710, 717. The trial court's decision is reviewed under an abuse-of-discretion standard. Id., citing *Cowans*, 87 Ohio St.3d at 73.

{¶13} Here, despite the averments made concerning counsel in his letter to the trial court, we find that Cook has failed to demonstrate a breakdown in the attorney-client relationship of the magnitude contemplated by the Supreme Court in *Coleman*. The trial court conducted a very through Crim.R. 11 colloquy at the sentencing hearing, and specifically inquired whether Cook had fully and completely discussed the matters of his plea and the charges with his attorney, whether he was satisfied with the service and advice of his attorney, whether he understood no one could compel him to plead guilty, and whether he was freely and voluntarily changing his plea to guilty. Cook answered all of these inquiries in the affirmative. Consequently, we do not find that the trial court abused its discretion in declining to hold a hearing concerning Cook's letter discussing removal of his counsel.

{¶14} Accordingly, we overrule Cook's first assignment of error.

*Assignment of Error No. II*

{¶15} In his second assignment of error, Cook argues that he received prejudicially ineffective assistance of counsel in violation of his constitutional rights. Specifically, Cook contends that he felt intimidated by the fact that his

attorney shared office space with an assistant prosecutor, and, that his attorney was ineffective by failing to put any evidence in his sentencing memorandum and by failing to object to certain testimony by police officers that was outside the scope of the charges at issue.

{¶16} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy* (1992), 63 Ohio St.3d 424, 433, superseded by constitutional amendment on other grounds as recognized by *State v. Smith*, 80 Ohio St.3d 89, 103, 1997-Ohio-355.

{¶17} Additionally, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Malone* (1989), 2d Dist. No. 10564, 1989 WL 150798. Furthermore, attorneys licensed by the State of Ohio are presumed to provide competent representation. *State v. Pierce*, 3d Dist. No. 11-09-05, 2010-Ohio-478, citing *State v. Hoffman* (1998), 129

Ohio App.3d 403, 407. Accordingly, we must afford a high level of deference to the performance of trial counsel. *Bradley*, 42 Ohio St.3d at 142.

{¶18} Further, the Supreme Court of Ohio has held that a guilty plea waives a defendant's right to allege ineffective assistance of counsel, except to the extent counsel's errors caused the guilty plea to be less than knowing and voluntary. *State v. Spates* (1992), 64 Ohio St.3d 269. The trial court's judgment will not be reversed unless the defendant can demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on continuing to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 52-53; *State v. Xie* (1992), 62 Ohio St.3d 521, 524; *State v. Davis*, 12th Dist. No. CA98-06-134, 2000 WL 1086723.

{¶19} First, Cook contends that he felt intimidated by the fact that his attorney shared office space with an assistant prosecutor. The Supreme Court has held that, "[i]n order to satisfy a Sixth Amendment claim of ineffective assistance of counsel, appellant must demonstrate that an *actual conflict* of interest adversely affected his counsel's performance." (Emphasis added.) *State v. Keith*, 79 Ohio St.3d 514, 535, 1997-Ohio-367. Here, Cook admitted that the record did not indicate if the assistant prosecutor was involved in any part of his case or whether the office-sharing arrangement prejudiced him in any way. Consequently, Cook has failed to demonstrate an actual conflict of interest and has not averred that,

absent the office-sharing arrangement, he would not have pleaded guilty but would have gone to trial.

{¶20} Next, although Cook contends that his counsel was ineffective for failing to put any evidence in the sentencing memorandum, he ignores the fact that trial counsel attached to the memorandum twenty-three letters from Cook's friends and family attesting to his character and asking for counseling and treatment in lieu of incarceration. Further, Cook offers no proposals as to what evidence could have been included on his behalf in the sentencing memorandum, and none is apparent from the record. *State v. Bowens* (1991), 11th Dist. No. 89-A-1463, 1991 WL 155228.

{¶21} Finally, Cook contends that counsel was ineffective for failing to object to testimony of law enforcement officers at his sentencing hearing which he alleges was outside the scope of the charges at issue. Cook does not identify what specific testimony to which he believes counsel should have objected. Assuming that Cook challenges the officers' testimony concerning uncharged drug offenses involving minors, we cannot find that this evidence was improper. Evid.R. 101(C) provides that the rules of evidence do not apply to certain criminal proceedings, and specifically enumerates "sentencing" as an excluded proceeding. Courts have recognized that "[t]he evidence the court may consider [at sentencing] is not confined to the evidence that strictly relates to the conviction offense because the

court is no longer concerned * * * with the narrow issue of guilt." *State v. Bowser*, 2d Dist. No. 08-CR-1203, 2010-Ohio-951, ¶14. On the contrary, the trial court at sentencing may consider "facts that support a charge of which the offender is ultimately acquitted," "allegations of crimes for which the offender is never prosecuted," or facts supporting a charge that has been dismissed pursuant to a plea agreement. *Bowser*, 2010-Ohio-951, at ¶¶16-17. Consequently, as the trial court was permitted to consider the uncharged drug offenses allegedly involving minors, trial counsel was not ineffective in failing to object to this evidence.

**{¶22}** Accordingly, we overrule Cook's second assignment of error.

*Assignment of Error No. III*

**{¶23}** In his third assignment of error, Cook argues that the trial court erred when it imposed consecutive sentences. Specifically, Cook contends that the aggregate sentence exceeded the maximum permitted for the highest degree felony. The State responds that Cook was required pursuant to R.C. 2953.08(C)(1) to seek leave to appeal his consecutive sentences, which he did not.

**{¶24}** Initially, we address the State's argument that Cook was required to seek leave to appeal. Several Ohio Appellate Courts have determined that App.R. 5(D) supersedes the prior leave requirement of R.C. 2953.08(C) and merges the motion for leave into the error(s) assigned in the appeal as of right. *State v.*

*Furrow*, 2d Dist. No. Civ.A. 03CA19, 2004-Ohio-5272, ¶8, citing App.R. 5(D); *State v. Ballard*, 6th Dist. Nos. L-04-1070, L-05-1027, 2006-Ohio-1863, ¶21. Consequently, because R.C. 2953.08(C) and App.R. 5(D) conflict, the statutory leave requirement is "void and of no effect." *Furrow*, 2004-Ohio-5272, at ¶8, citing Article IV, Section 5(B), Ohio Constitution. Accordingly, we will address Cook's argument.

**{¶25}** An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶8, citing *State v. Carter*, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. A meaningful review means "that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law."[1] *Daughenbaugh*, 2007-Ohio-5774, at ¶8, citing *Carter*, 2004-Ohio-1181, at ¶44; R.C. 2953.08(G).

**{¶26}** The Supreme Court of Ohio, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, declared portions of the felony sentencing statutes to be

---

[1] We note that the Supreme Court of Ohio's plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, established a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices in *Kalish*, we note that our decision in this case would be identical under the *Kalish* plurality's two-part test.

unconstitutional, specifically those portions requiring judicial fact finding before imposition of sentences, pursuant to the United States Supreme Court's decisions in *Apprendi v. New Jersey* (2000), 530 U.S. 466; *Blakely v. Washington* (2004), 542 U.S. 296; and *United States v. Booker* (2005), 543 U.S. 220. Specifically, *Foster* held that "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, at paragraph seven of the syllabus.

{¶27} Furthermore, the Supreme Court of Ohio in *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶18, held that "[t]he severance and excision of former R.C. 2929.14(E)(4) * * * by Foster * * * leaves no statute * * * to limit [the] trial court['s] discretion beyond the basic 'purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12."

{¶28} Here, the trial court sentenced Cook to a fifteen-month prison term on each of Counts One, Three, Five, Seven, and Ten; to a four-year prison term on Count Eight; and, to a six-year prison term on Count Twelve. Under R.C. 2929.14(A), these prison terms were within the statutory guidelines. Further, although the trial court ordered Cook to serve his sentences consecutively, under *Foster*, this was within the trial court's discretion, and the trial court was not required to give its reasons for doing so. Nevertheless, the trial court specifically

stated that, in sentencing, it had "considered the presentence investigation, information presented at the hearing and the record[,]* * * the factors pertaining to the seriousness of the offense and pertaining to recidivism, and * * * that prison is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11." (Mar. 2010 Judgment Entry, p. 2). Consequently, we do not find that the trial court erred in imposing non-minimum and consecutive prison terms.

{¶29} Accordingly, we overrule Cook's third assignment of error.

{¶30} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., concur.**

**/jlr**


**WILLAMOWSKI, P.J., Concurring Separately.**

{¶31} I concur fully with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In *Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellate courts require appellants to meet a clearly and convincingly contrary to law

standard of review when reviewing a sentence.[2] For example, if the sentencing court imposed consecutive sentences, as in this case, the standard of review would be clearly and convincingly contrary to law. However, if the appeal is based upon the proper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[3]

{¶32} In his assignments of error, Cook alleges that the trial court erred when it sentenced him to consecutive sentences. Cook's appeal of his felony sentence did not raise issue with the application of the factors set forth in R.C. 2929.12, which would require an abuse of discretion standard. Thus, the clearly and convincingly standard used to review this case, as set forth in R.C. 2953.08(G)(2) is the proper standard of review herein.

---

[2] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.

[3] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.