[Cite as *State v. Lane*, 2020-Ohio-6798.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 14-20-04

      v.

ROBERT CHARLES LANE,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 18-CR-0047

Judgment Affirmed

Date of Decision: December 21, 2020

APPEARANCES:

    *Alison Boggs* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Robert Charles Lane ("Lane"), appeals the February 24, 2020 judgment entries of the Union County Court of Common Pleas, Criminal Division, denying his request to discharge his court-appointed counsel and to withdraw his guilty pleas. For the reasons that follow, we affirm.

{¶2} The genesis of this case is a series of drug-related events involving Lane in Union County, Ohio, that took place at a residence in Raymond, Ohio on December 29th and 30th, 2017. The events were recorded on surveillance videos from that residence. In the videos, Lane can be seen preparing a substance and administering it (by a hypodermic syringe) to another. (Aug. 17, 2018 Tr. at 23-24); (Doc. No. 80).

{¶3} As a result, on March 1, 2018, Lane was indicted on eight criminal counts of Corrupting Another with Drugs in violation of R.C. 2925.02(A)(2), (C)(1), all second-degree felonies. (Doc. No. 1).

{¶4} On March 19, 2018, Lane appeared in the trial court and entered pleas of not guilty. (Doc. No. 6). Further, Lane requested appointment of counsel and was referred to the Union County Public Defender's Office for representation. (*Id.*). After his arraignment, Lane filled out the required paperwork for the appointment of counsel. (Doc. No. 7). In that paperwork, Lane wrote the following: "I fired Mr. Valentine last time Mr. Parsons please!!" (*Id.*). Nevertheless, on March 21, 2018,

an entry of appearance of counsel for Lane was filed by the Union County Public Defender's Office by Attorney, Clifton G. Valentine, Jr. ("Valentine"). (Doc. No. 8).

{¶5} On July 2, 2018, the Union County Grand Jury issued a superseding indictment against Lane that included twenty-four counts: Counts One through Eight were for Corrupting Another with Drugs in violation of R.C. 2925.02(A)(2), (C)(1), all second-degree felonies; Counts Nine through Sixteen were for Corrupting Another with Drugs in violation of R.C. 2925.02(A)(3), (C)(1), also second-degree felonies; and finally, Counts Seventeen through Twenty-Four were for Trafficking in Heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), all fifth-degree felonies. (Doc. No. 39). All of the offenses in the superseding indictment were alleged to have occurred on December 29th and 30th, 2017 at the Raymond, Ohio residence. (*Id.*). On July 10, 2018, Lane submitted additional paperwork to the trial court relative to the appointment of counsel in his new case. (Doc. No. 44). In such paperwork, Lane expressed no dissatisfaction with his current court-appointed counsel. (*Id.*). Thereafter, on July 19, 2018, Lane appeared for arraignment with his court-appointed counsel pleading not guilty to all counts in his superseding indictment. (Doc. No. 47).

{¶6} On August 17, 2018, Lane (while being represented by his current court-appointed attorney) withdrew his pleas of not guilty and entered into a

negotiated-plea agreement with the State. (Doc. Nos. 49, 50). The plea agreement included a joint-sentencing recommendation. (*Id.*). Specifically, the plea agreement provided that in exchange for his guilty pleas to Counts One, Seventeen, Eighteen, and Nineteen, the State would dismiss the remaining 20 counts in the indictment.[1] (*Id.*); (Aug. 17, 2018 Tr. at 25-27). At the plea hearing, the trial court conducted its Crim.R. 11 colloquy, accepted Lane's guilty pleas, and ordered that a presentence investigation report ("PSI") be prepared. (*Id.*); (*Id.* at 1-29).

{¶7} However, on October 16, 2018, Lane's court-appointed counsel filed a notice in the trial court that Lane desired to withdraw his guilty plea and to have alternate counsel appointed based upon a conflict of interest. (Doc. No. 53). Moreover, on October 22, 2018, Lane filed a *pro se* motion to discharge his court-appointed counsel and to withdraw his guilty pleas.[2] (Doc. No. 54).

{¶8} On October 30, 2018, the trial court held a hearing on Lane's *pro se* motion and denied the requests. (Oct. 30, 2018 Tr. at 23-25). However, that entry was not journalized until February 24, 2020. (Doc. No. 70).

{¶9} On November 14, 2018, the trial court sentenced Lane (who was still represented by the same court-appointed attorney) in accordance with the plea agreement and the joint-sentencing recommendation to a four-year (mandatory)

---

[1] In addition to the counts that were dismissed in the instant case, another 20-count indictment (all second-degree felonies) were dismissed. (Oct. 30, 2018 Tr. at 11). This record is not presently before us.
[2] Lane's *pro se* motion contained no certificate of service indicating that it had been served on his court-appointed counsel or the State. (Doc. No. 54). Noticeably, the State filed no response to his motion.

prison term as to Count One and 12-month prison terms on Counts Seventeen, Eighteen, and Nineteen, respectively. (Doc. No. 55). The 12-month prison term as to Count Seventeen was ordered to be served consecutive to Count One; the 12-month prison term as to Count Eighteen was ordered to be served consecutive to Counts One and Seventeen; and the 12-month prison term as to Count Nineteen was ordered to be served consecutive to Counts One, Seventeen, and Eighteen for a total of seven years in prison. (*Id.*). Further, the sentences imposed in this case were ordered to be served consecutive to Lane's probation-violation sentences in Union County case numbers 12-CR-0233, 12-CR-0270, and 15-CR-0075.[3] (*Id.*). The trial court filed its judgment entry of sentence on November 15, 2018. (*Id.*).

{¶10} On December 2, 2019, Lane filed, *pro se*, a post-sentence motion to withdraw his guilty plea, which the State opposed. (Doc. No. 66, 67). On February 12, 2020, the trial court held a hearing on Lane's request, which it denied by its judgment entry of February 24, 2020. (Doc. No. 69).

{¶11} Lane filed his notice of appeal on March 16, 2020 and raises four assignments of error for our review. (Doc. No. 72). We will begin by addressing Lane's first, second, and third assignment of errors together, followed by his fourth assignment of error.

---

[3] The trial court also ordered a four-year driver's license suspension, Lane was determined to be indigent for the purposes of the mandatory $7,500 fine and court costs, and the trial court granted Lane 246 days' jail-time credit. (Doc. No. 55).

**Assignment of Error I**

**The Trial Court Erred When It Overruled Appellant's Presentence Motion To Withdraw His Plea.**

**Assignment of Error II**

**The Trial Court Erred When It Overruled Appellant's Motion To Have His Counsel Removed.**

**Assignment of Error III**

**The Trial Court Erred When It Forced Appellant To Proceed On His Motion For New Counsel Without Affording Appellant Counsel For The Hearing, In Violation Of His Constitutional Right To Counsel At All Stages Of The Criminal Process And Contrary To The Requirements Found In Ohio Criminal Rule 44(A).**

{¶12} In his first assignment of error, Lane argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty pleas. In his second assignment of error, Lane argues that the trial court erred by failing to discharge his court-appointed counsel. In his third assignment of error, Lane argues he was entitled to counsel to assist him in the hearing on his *pro se* motion to discharge his court-appointed counsel and his motion to withdraw his guilty pleas (presentence).

*Standard of Review*

*Discharge and Substitution of Court-Appointed Counsel:*

{¶13} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to assistance of counsel for his defense. *Accord* Ohio

Constitution, Article I, Section 10. In order to discharge court-appointed counsel, the Supreme Court of Ohio has held that the defendant must show "'a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.'" *State v. Coleman*, 37 Ohio St.3d 286, 292, (1988), quoting *People v. Robles*, 2 Cal.3d 205, 215, 85 Cal.Rptr. 166, 466 P.2d 710, 717 (1970). A trial court's decision as to the discharge of court-appointed counsel is reviewed under an abuse-of-discretion standard. *See State v. Cook*, 3d Dist. Union No. 14-10-05, 2010-Ohio-4814, ¶ 12; *Coleman* at 292; *State v. Cowans*, 87 Ohio St.3d 68, 73 (1999), citing *United States v. Iles*, 906 F.2d 1122 (6th Cir.1990), fn. 8.

{¶14} "'[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate * * * rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.'" *State v. Jones*, 91 Ohio St.3d 335, 342 (2001), quoting *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1698 (1988). Nonetheless, the Supreme Court of Ohio has recognized that "'[a]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel.'" *Cowans* at 72, quoting *Iles*, 906 F.2d at 1130. A trial judge may deny a request for substitution of counsel if the defendant's request is

unreasonable. *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 148, citing *State v. Deal*, 17 Ohio St.2d 17 (1969), syllabus.

> Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include 'the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.'

*Jones* at 342, quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996). "In evaluating a request for substitute counsel, the court must balance 'the accused's right to counsel of his choice [against] the public's interest in the prompt and efficient administration of justice.'" *State v. Clemons*, 6th Dist. Lucas No. L-01-1445, 2002-Ohio-5906, ¶ 10, quoting *Jennings* at 148. The trial court's decision regarding the substitution of counsel is also reviewed under an abuse-of-discretion standard. *Jones* at 343, citing *Wheat*, 486 U.S. at 164, 108 S.Ct. at 1700.

*Presentence Motion to Withdraw Guilty Plea:*

**{¶15}** A defendant may file a presentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

**{¶16}** Appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

*Analysis*

**{¶17}** In support of his *pro se* motion to discharge his attorney and (presentence) motion to withdraw his guilty pleas, Lane alleges that his attorney represented a co-defendant (Kenny Czarnecki); that his attorney threatened him (with the loss of the plea deal) when he requested to view the surveillance-video evidence; that his attorney coerced him into entering his plea under the threat of spending his life in prison; and that his attorney refused to file motions that Lane requested be filed. (Doc. No. 54); (Oct. 30, 2018 Tr. at 5-6).

**{¶18}** Initially, we note that the record before us reflects the trial court conducted its full hearing in compliance with Crim.R. 11 prior to accepting Lane's guilty pleas. (Aug. 17, 2018 Tr.). Specifically, at Lane's change-of-plea hearing, the trial court inquired whether Lane had fully and completely discussed the matters

of his plea and the charges with his counsel, whether Lane was satisfied with the service and advice of his attorney, whether Lane understood no one could compel him to plead guilty, and whether he was freely and voluntarily changing his pleas of not guilty to guilty. (*Id.* at 8-9, 12, 22, 25-27). Lane answered each question of the trial court in the affirmative. (*Id.*). In our review, the trial court's Crim.R. 11 colloquy with Lane directs us to conclude that Lane was satisfied with his attorney and that no irregularities existed as to his plea.

{¶19} Further and notwithstanding Lane's arguments, the record supports that Lane *abandoned* his motion at his sentencing hearing on November 14, 2018 wherein he *reaffirmed*, in open court, his satisfaction with his attorney and the plea agreement he entered. (Nov. 14, 2018 Tr. at 21-22). The following exchange between Lane and the trial court is dispositive of our conclusion:

| [Trial Court] | The -- Mr. Valentine explained the situation which you sought to discharge him. You're now satisfied with counsel and you're not discharging him? |
|---|---|
| [Lane] | Yes, your Honor. |
| [Trial Court] | And you're satisfied with the plea agreement that's made and you're not withdrawing your plea as well, correct? |
| [Lane] | Yes, your Honor. |

(Nov. 14, 2018 Tr. at 21-22).

{¶20} We now turn to Lane's argument that he was entitled to substitute court-appointed counsel to assist him at his motion hearing. Notably, at all times relevant to his third assignment of error, Lane was represented by his court-appointed counsel who never sought leave of court to withdraw as Lane's counsel of record. (*See* Doc. No. 53); (Oct. 30, 2018 Tr. at 8-9). Further, and important under the facts presented, Lane never requested the trial court to appoint substitute counsel to represent him at the motion hearing, but only to appoint a different counsel at trial. (Oct. 30, 2018 Tr. at 5). Thus, since Lane's argument is predicated on his motion to discharge and because we have previously concluded (based on our review of the record) that Lane *abandoned* his motion by reaffirming to the trial judge (at sentencing) his satisfaction with his attorney and plea, our prior determination is dispositive of his third assignment of error.

{¶21} Accordingly, Lane's first, second, and third assignments of error are overruled.

**Assignment of Error IV**

**The Trial Court Erred When It Overruled Appellant's Post-Sentence Motion To Withdraw His Plea.**

{¶22} In his fourth assignment of error, Lane argues that the trial court abused its discretion by denying his postsentence motion to withdraw his guilty plea. Specifically, Lane asserts that the trial court should have appointed him substituted-

court-appointed counsel to represent him at his presentence motion hearing to more fully develop Lane's previous claims as to his attorney's purported threats, coercion, and failure to file the requested motions.

*Standard of Review*

*Post-Sentence Motion to Withdraw Guilty Plea:*

> **{¶23}** Crim.R. 32.1 provides:
>
> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Crim.R. 32.1. Thus, a defendant seeking to withdraw a guilty plea after sentence has been imposed has the burden of demonstrating a "manifest injustice." *Smith*, 49 Ohio St.2d 261, at paragraph one of the syllabus. This court has previously defined a "manifest injustice" as a "clear or openly unjust act." *State v. Walling*, 3d Dist. Shelby No. 17-04-12, 2005-Ohio-428, ¶ 6, quoting *State ex. rel. Schnieder v. Kriener*, 83 Ohio St.3d 203 (1998). Notably, a postsentence withdrawal of a guilty plea is available only in "extraordinary cases." *Smith* at 264.

**{¶24}** A trial court maintains discretion in determining whether a defendant established a "manifest injustice." *Id.*, at paragraph two of the syllabus. As such, this court will not reverse a trial court's decision absent an abuse of discretion. *Nathan*, 99 Ohio App.3d at 725. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Adams*, 62 Ohio St.2d at 157-

158. When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Adams*, 2009-Ohio-6863, at ¶ 33.

*Analysis*

{¶25} Lane only challenges that he was entitled to substituted court-appointed counsel at the presentence-motion hearing our ruling on Lane's first, second, and specifically his third assignments of error has rendered this argument moot. For this reason, we decline to address this issue under App.R. 12(A)(1)(c). Consequently, Lane's fourth assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**