[Cite as *State v. Smith*, 2021-Ohio-469.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 1-20-23

    v.

ANDREW L. SMITH,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2019 0074

**Judgment Affirmed**

Date of Decision: February 22, 2021

APPEARANCES:

    *William T. Cramer* for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Andrew L. Smith, ("Smith") appeals the April 24, 2020 judgment entry of sentencing of the Allen County Common Pleas Court, General Division. For the reasons that follow, we affirm.

{¶2} On March 14, 2019, the Allen County Grand Jury indicted Smith on three criminal counts including: Count One of Aggravated Robbery in violation of R.C. 2911.01(A)(1), (C), a first-degree felony; Count Two of Carrying a Concealed Weapon in violation of R.C. 2923.12(A)(2), (F)(1), a fourth-degree felony; and Count Three of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), (B), a third-degree felony. (Doc. No. 5). On March 22, 2019, the trial court appointed an attorney to represent Smith wherein Smith entered not guilty pleas to all counts in the indictment. (Doc. Nos. 10, 11).

{¶3} On September 20, 2019, the trial court held a final pre-trial hearing with the understanding that Smith and the State had reached an agreement whereby Smith would enter guilty pleas to all counts in the indictment with the State agreeing to merge Counts Two and Three for sentencing. (Sept. 20, 2019 Tr. at 1-2); (Doc. No. 155). However, at the hearing, Smith denied entering into the plea agreement and requested a new lawyer on the basis that he and his attorney had reached an impasse as a result of their working relationship. (*Id.* at 1-12); (*Id.*). Thereafter, Smith's court-appointed attorney requested leave to withdraw as counsel of record and to

continue the trial. (*Id.*). The trial court granted the requests, and appointed a new lawyer to represent Smith. (*Id.* at 15-39); (Doc. Nos. 74, 76, 155).

{¶4} Smith's new counsel represented him without incident until February 27, 2020, wherein the trial court held a hearing on February 27, 2020 following a disagreement that arose between Smith and his trial counsel during an attorney-client conference. (Feb. 27, 2020 Tr.); (Doc. No. 158). After that hearing, Smith's counsel continued his representation of Smith.

{¶5} The case proceeded to a jury trial on March 9-10, 2020. (Mar. 9, 2020 Tr.); (Mar. 10, 2020 Tr.); (Doc. Nos. 160, 161). On March 10, 2020, the jury found Smith guilty of Counts One, Two, and Three. (Doc. Nos. 127, 128, 129). The trial court filed its judgment entry of conviction on March 11, 2020. (Doc. No. 136).

{¶6} On April 24, 2020, the trial court sentenced Smith to a term of nine years in prison as to Count One, 12-month prison term as to Count Two, and a 30-month prison term as to Count Three for an aggregate prison term of 9 years and 30 months. (Apr. 24, 2020 Tr. at 19-20); (Doc. Nos. 136, 162). The trial court ordered the 12-month (Count Two) and 30-month (Count Three) prison terms to run concurrently to one another, and consecutive to the 9-year prison term under Count One. The trial court filed its judgment entry of sentence the same day.[1] (Doc. No. 136).

---

[1] The trial court granted Smith 442 days' jail-time credit. (Apr. 24, 2020 Tr. at 22); (Doc. No. 136).

{¶7} Smith filed his notice of appeal on May 26, 2020 raising one assignment of error for our review. (Doc. No. 142).

**Assignment of Error**

**The trial court erred by failing to appoint new counsel after a breakdown in communication that threatened the effectiveness of counsel.**

{¶8} In his sole assignment of error, Smith argues that the trial court erred by failing to permit him to discharge his second court-appointed-trial counsel, and thus, be appointed a third trial counsel one week before trial. Specifically, Smith argues that since their relationship suffered a breakdown of such magnitude, it rendered his trial counsel ineffective.

*Standard of Review*

{¶9} The United States Constitution guarantees a criminal defendant the right to assistance of counsel for his defense under the Sixth Amendment. *State v. Lane*, 3d Dist. Union No. 14-20-04, 2020-Ohio-6798, ¶ 13, citing Ohio Constitution, Article I, Section 10. The Supreme Court of Ohio has held that in order to discharge court-appointed counsel, a defendant must show "'"a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel."'" *Id.*, quoting *State v. Coleman*, 37 Ohio St.3d 286, 292 (1988), quoting *People v. Robles*, 2 Cal.3d 205, 215, 85 Cal.Rptr. 166, 466 P.2d 710, 717 (1970). We review a trial court's decision as to the discharge of court-

appointed counsel under an abuse-of-discretion standard. *Id.*, citing *State v. Cook*, 3d Dist. Union No. 14-10-05, 2010-Ohio-4814, ¶ 12; *Coleman* at 292; *State v. Cowans*, 87 Ohio St.3d 68, 73 (1999), citing *United States v. Iles*, 906 F.2d 1122 (6th Cir.1990), fn. 8.

{¶10} "'"[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate * * * rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."'" *Id.* at ¶ 14, quoting *State v. Jones*, 91 Ohio St.3d 335, 342 (2001), quoting *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1698 (1988). The Supreme Court of Ohio has recognized that "'"[a]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel."'" *Id.*, quoting *Cowans* at 72, quoting *Iles* at 1130. If the defendant's request for substitution of counsel is unreasonable, a trial judge may deny the request. *Id.*, citing *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 148, citing *State v. Deal*, 17 Ohio St.2d 17 (1969), syllabus.

> 'Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense."'

*Id.*, quoting *Jones* at 342, quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996). "'In evaluating a request for substitute counsel, the court must balance "the accused's right to counsel of his choice [against] the public's interest in the prompt and efficient administration of justice."'" *Id.*, quoting *State v. Clemons*, 6th Dist. Lucas No. L-01-1445, 2002-Ohio-5906, ¶ 10, quoting *Jennings* at 148. We apply an abuse-of-discretion standard to the trial court's decision regarding the substitution of counsel. *Id.*, citing *Jones* at 343, citing *Deal* at syllabus. The abuse-of-discretion standard implies that the court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶11} Importantly, Smith never requested the trial court to discharge his second trial counsel or to appoint him new counsel prior to trial. (Feb. 27, 2020 Tr.); (Mar. 2, 2020 Tr.); (Doc. Nos. 158, 159). Further, even if we assume without deciding that Smith requested new counsel at the hearing on February 27, 2020, Smith's argument fails.

{¶12} At the February 27, 2020 hearing, Smith never informed the trial court that his trial counsel failed to meet with him to discuss his case or to keep him apprised of the proceedings. On the contrary, disagreements occurred over discussions regarding strategy and trial preparation (while viewing video evidence

at the courthouse) that escalated into Smith's verbal abuse of his trial counsel.[2] (Feb. 27, 2020 Tr. at 1-9). After an unrelated hearing was disrupted by Smith's behavior (in a courtroom adjacent to the attorney-client conference room and holding cell), the trial court was alerted of the situation, and convened an *impromptu* hearing to address these circumstances. (*Id.* at 1-2). Upon inquiry by the trial court, trial counsel expressed his frustration over Smith's obstructionist conduct (exhibited exclusively during discussions related to trial strategy), which thwarted trial counsel's ability to collaboratively strategize with Smith. (*Id.* at 13-15).

{¶13} Here, the record reveals that Smith did not have a legitimate reason for his lack of confidence in his trial counsel. Rather, the record reveals that Smith had a propensity for combative behavior towards trial counsel (in general) when strategies diverged from the direction Smith believed his case should proceed. (Feb. 27, 2020 Tr. at 21); (Mar. 2, 2020 Tr. at 6-8); (Doc. Nos. 158, 159). (*See* Sept. 20, 2019 Tr. at 3-25); (Doc. No. 155). *State v. Evans*, 153 Ohio App.3d 226, 2003-Ohio-3475, ¶ 31 (7th Dist.) ("There must be a legitimate reason for the defendant's lack of confidence in the attorney because good cause for dismissal cannot be determined solely according to the subjective standard of what the defendant perceives."), citing *State v. Julious*, 4th Dist. Scioto No. 96CA2409, 1996 WL

---

[2] Smith's trial counsel also expressed a concern that Smith posed a physical threat to him; however, after the trial court conferred with the State (who was present when the allegedly threating behavior occurred), the trial court determined that Smith's behavior was subject to multiple interpretations. (Feb. 27, 2020 Tr. at 8-11); (Doc. No. 158).

718262, *2 (Dec. 5, 1996). Indeed, "[m]erely because appointed counsel's trial tactics or approach may vary from that which appellant views as prudent is not sufficient to warrant the substitution of counsel." *State v. Glasure*, 132 Ohio App.3d 227, 239 (7th Dist.1999). *See also State v. Stein*, 3d Dist. Mercer No. 10-17-13, 2018-Ohio-2345, ¶ 29 ("'Defendant and trial counsel's failure to 'see eye to eye' regarding trial strategy is an insufficient basis for removal of appointed counsel.'"), quoting *State v. Hill*, 8th Dist. Cuyahoga No. 105554, 2018-Ohio-279, ¶ 11, and citing *State v. Crew*, 8th Dist. Cuyahoga No. 86943, 2006-Ohio-4102, ¶ 17 ("Hostility, tension, or personal conflict between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify the withdrawal of appointed counsel.").

> "'A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.'" *Brown v. United States* (C.A.D.C.1959), 264 F.2d 363, 369 (en banc), quoted in *McKee v. Harris* (C.A.2, 1981), 649 F.2d 927, 932. "'If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" *McKee*, 649 F.2d at 932, quoting *McKee v. Harris* (S.D.N.Y.1980), 485 F.Supp. 866, 869.

*Cowans*, 87 Ohio St.3d at 73. The record reveals that any barrier in communication between Smith and his attorney was self-imposed as a result of Smith's hostility and tension when presented with an honest appraisal of his case by counsel. (Feb. 27, 2020 Tr. at 21); (Mar. 2, 2020 Tr. at 6-8); (Doc. Nos. 158, 159). (*See* Sept. 20, 2019 Tr. at 3-25); (Doc. No. 155). Moreover, there is no evidence in the record that

Smith's behavior interfered with the preparation and presentation of a competent defense at trial. (*See* March 9, 2020 Tr.); (March 10, 2020 Tr.); (Doc. Nos. 160, 161).

**{¶14}** Based on our review of the record and considering the *Jennings* factors, we cannot conclude that there was a complete breakdown in communication (necessitating discharge), but rather, a trial-strategy disagreement between Smith and his trial counsel. Accordingly, Smith has failed to demonstrate the "good cause" warranting substitution of trial counsel. Consequently, based upon the facts presented, we cannot conclude that the trial court abused its discretion by declining to discharge and substitute Smith's court-appointed attorney one week before trial.

**{¶15}** Accordingly, Smith's sole assignment of error is overruled.

**{¶16}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**